Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| WILLIAM TORO LEÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00305 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PA-397-25 |

Panel integrado por su presidenta, la Jueza Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparece ante nos, por derecho propio, e *in forma pauperis*,[1] el señor William Toro León ("señor Toro León" o "Recurrente") mediante un documento intitulado *Moci[ó]n en solicitud de Orde[n]*, recibido el 17 de octubre de 2025, el cual se clasificó como un recurso de revisión judicial y se le asignó la denominación alfanumérica TA2025RA00305. Por virtud de este escrito, el señor Toro León recurre de la *Respuesta del Área Concernida/Superintendente* emitida el 11 de agosto de 2025, emitida por el Departamento de Corrección y Rehabilitación ("DCR" o "agencia recurrida"), en la cual se denegó una solicitud de remedio administrativo instada por el Recurrente.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

---

[1] Conforme a la Regla 78 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), se le permite al Recurrente litigar *in forma pauperis*, debido a que a que se encuentra confinado en una institución carcelaria y no cuenta con los recursos económicos necesarios para sufragar los derechos arancelarios.

**I.**

Surge del expediente ante nos, que el señor Toro León, quien es miembro de la población correccional, instó *Solicitud de Remedio Administrativo* el 9 de julio de 2025.[2] Por virtud de este escrito, el Recurrente le solicitó a la señora Brenda Ramos que se comunicara con la Policía de Puerto Rico. Conforme surge de la aludida solicitud instada, el señor Toro León expresó que había una "situación de maltrato asia [sic] mi persona y por eso no me han querido llamal [sic] la Policía de Puerto Rico. Pues por eso se lo pido a usted de favor, porque usted save [sic] que yo soy inocente de esas querellas".[3]

Así las cosas, el 11 de agosto de 2025, notificada el 19 de agosto del mismo año, la División de Remedios Administrativos del DCR emitió la *Respuesta del Área Concernida/Superintendente*.[4] Mediante esta, la agencia recurrida determinó que la solicitud de remedio interpuesta por el Recurrente no exponía "un motivo fundado por el cual surja la necesidad de llamar a la policía para presentar una querella".[5] Asimismo, determinó que el contenido de la solicitud de remedio instada por el señor Toro León era "fútil e insustancial" por lo cual, al no exponer argumentos atinados, la agencia recurrida concluyó que estaba impedida de emitir una respuesta satisfactoria.

Inconforme, el 26 de agosto de 2025, el Recurrente presentó *Solicitud de Reconsideración*.[6] Mediante esta, solicitó que la agencia llamara a la Policía de Puerto Rico. Explicó que la razón de ello obedecía a que le "fabricaron un caso de supuestas semillas de tomate peligrosa".[7] Abundó que esto tendría implicaciones en su

---

[2] Véase, SUMAC TA, Entrada 1, Apéndice 3, pág. 1
[3] Véase, SUMAC TA, Entrada 1, Apéndice 3, pág. 1
[4] Véase, SUMAC TA, Entrada 1, Apéndice 3, págs. 2-3.
[5] Véase, SUMAC TA, Entrada 1, Apéndice 3, pág. 3.
[6] Véase, SUMAC TA, Entrada 1, Apéndice 3, pág. 4.
[7] Véase, SUMAC TA, Entrada 1, Apéndice 3, pág. 4.

plan institucional de salida. Evaluado este escrito, el 19 de septiembre de 2025, el DCR emitió *Respuesta de Reconsideración al Miembro de la Población Correccional*, en la cual, denegó la petición de reconsideración instada por el Recurrente.[8]

Aun inconforme, el 17 de octubre de 2025, el señor Toro León compareció ante esta Curia mediante el recurso de epígrafe. Tras examinar el mismo, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

## II.

### A. *Estándar de Revisión Judicial de Determinaciones Administrativas*

"Es norma de derecho claramente establecida que los tribunales apelativos, al momento de revisar las determinaciones administrativas, están obligados a conceder deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado". *Katiria's Café v. Mun. de San Juan*, 215 DPR ___ (2025), 2025 TSPR 33, pág. 10. Las determinaciones de una agencia administrativa gozan de una presunción de legalidad y corrección. *Transp. Sonnell v. Jta. Subastas ACT*, 214 DPR ___ (2024), 2024 TSPR 82, pág. 15. Al evaluar una determinación administrativa, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Otero Rivera v. USAA Fed. Savs. Bank.,* 214 DPR ___ (2024), 2024 TSPR 70, pág. 9.

---

[8] Véase, SUMAC TA, Entrada 1, Apéndice 2.

Ahora bien, en cuanto a las determinaciones de derecho, nuestra más Alta Curia en *Vázquez et al v. DACo*, 215 DPR ___ (2025), 2025 TSPR 56, incorporó la doctrina discutida en *Loper Bright Enterprises v. Raimondo*, ___ U.S. ___, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), en cuanto a que los tribunales no tienen que darle deferencia a la interpretación de derecho que haga una agencia simplemente porque la ley es ambigua.  En aquella ocasión, nuestro Máximo Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales" por lo cual enfatizó que, "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos".  *Íd.*, pág. 32.

### B.  *Reglamento  para atender las Solicitudes de Remedios Administrativos radicadas por los miembros de la población correccional*

El 4 de mayo de 2015, el Departamento de Corrección y Rehabilitación aprobó el Reglamento Núm. 8583, (Reglamento Núm. 8583) para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional.  Este Reglamento Núm. 8583 tiene como objetivo "evitar o reducir la radicación de pleitos en los tribunales de justicia".  *Íd.*, pág. 2.  La Regla III dispone que "[e]ste Reglamento será aplicable a todos los miembros de la población correccional [...] recluidos en todas las instituciones o facilidades correccionales bajo la jurisdicción del Departamento de Corrección y Rehabilitación".  *Íd.*, pág. 4.

En este se define Solicitud de Remedio como un "[r]ecurso que presenta un miembro de la población correccional por escrito, de una situación que afecte su calidad de vida y seguridad, relacionado con su confinamiento".  *Íd.*, pág. 10.

A su amparo, la agencia tiene facultad "para atender toda Solicitud de Remedio radicada por los miembros de la población

correccional en cualquier institución o facilidad correccional donde se encuentre[n] extinguiendo sentencia y que esté relacionada directa o indirectamente con: (a) actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional; [y] (b) [c]ualquier incidente o reclamación comprendida bajo las disposiciones de este Reglamento [...]". Reglamento Núm. 8583, pág. 13.

En armonía con lo anterior, el Reglamento Núm. 8583 dispone que los miembros de la población correccional tendrán las siguientes responsabilidades a la hora de radicar una solicitud de remedio administrativo:

1. Será responsabilidad del miembro de la población correccional presentar las Solicitudes de Remedios en forma clara, concisa y honesta, estableciendo las fechas y nombres de las personas involucradas en el incidente. Igualmente ofrecerá toda información necesaria para dilucidar su reclamo efectivamente.

2. El miembro de la población correccional tendrá la responsabilidad de presentar las solicitudes de remedios de buena fe, según su mejor conocimiento y utilizando un lenguaje adecuado [...]. Reglamento Núm. 8583, pág. 15-16.

La petición será evaluada por un funcionario correccional y será resuelta finalmente por un Coordinador. Si el miembro de la población correccional está inconforme con la determinación del Coordinador, podrá presentar un recurso de revisión judicial al Tribunal de Apelaciones en un periodo de treinta (30) días.

**III.**

En el recurso que está ante nuestra consideración, el Recurrente se limita a narrar una situación que tuvo referente a

unas semillas de tomate y ciertas alegaciones de abuso contra su persona. Esbozó que le había solicitado a la señora Brenda Ramos y al señor Melvin Chaparro que llamaran a la Policía por motivo de dichos eventos. Abundó que un agente de la policía le fabricó un caso y que ello le afectaba su plan de salida institucional.

Al evaluar los argumentos del Recurrente y el expediente ante nos, coincidimos con el criterio de la agencia recurrida. La solicitud de remedio instada por el Recurrente no es lo suficientemente sustancial para que el DCR pueda proveerle un remedio adecuado al señor Toro León, conforme el Reglamento Núm. 8583. Es menester resaltar que el procedimiento de remedios administrativos del DCR exige que los miembros de la población correccional presenten sus solicitudes de remedio de forma clara, concisa, con información pertinente de fechas y nombres de personas involucradas para que así se pueda dilucidar la reclamación efectivamente. Véase, Regla VII, Reglamento Núm. 8583.

Ciertamente, al evaluar la solicitud del Recurrente estos elementos estuvieron ausentes, por tal motivo el DCR actuó conforme a derecho al denegar la reclamación del señor Toro León por esta no exponer argumentos pertinentes para su adecuada resolución.

**IV.**

Por los fundamentos antes expuesto, **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones